IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:09-CV-112-D

| | |
|---|---|
| CHRISTINE D. WALTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

On May 17, 2010, Magistrate Judge Webb issued a Memorandum and Recommendation ("M&R"). In that M&R, Judge Webb recommended that plaintiff's motion for judgment on the pleadings be granted, defendant's motion for judgment on the pleadings be denied, and defendant's final decision denying the request for benefits be remanded to permit the Administrative Law Judge ("ALJ") to make specific findings regarding the consideration, if any, given to the February 21, 2006 disability determination of the North Carolina Department of Health and Human Services ("NCDHHS") [D.E. 33]. Defendant filed an objection to the M&R [D.E. 34]. Plaintiff responded to the objection and argues that the court should adopt the M&R [D.E. 35, 36].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (alteration in original) (emphasis removed) (quotation omitted). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. (quotation omitted).

The court has reviewed the M&R, the record, the briefs, and defendant's objection. Judge Webb noted that the ALJ's decision "did not discuss the [NCDHHS] decision in any way." M&R 4. Defendant contends that the ALJ did not have to discuss the NCDHHS decision because it was conclusory and erroneous. See Def's Obj. 2–3

Perhaps, defendant is correct that the ALJ believed that the NCDHHS decision was conclusory. Cf. id. at 2. Perhaps, defendant is correct that the ALJ believed that the NCDHHS decision was wrong for the reasons outlined in defendant's objection. See id. at 3. The problem, however, is that the ALJ said nothing, and SSR-06-3p requires more than "nothing." See SSR 6-03p, 2006 WL 2329939, at * 6–*7 (2006) (policy interpretation ruling) ("[E]vidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered."); see also Watson v. Astrue, No. 5:08-CV-553-FL, 2009 WL 2423967, at *3 (E.D.N.C. Aug. 6, 2009) (unpublished). A remand will permit the ALJ to consider the NCDHHS decision and state what weight, if any, the decision played in the ALJ's analysis. The court offers no view on this issue.

Thus, defendant's objection is overruled, plaintiff's motion for judgment on the pleadings is GRANTED, defendant's motion for judgment on the pleadings is DENIED, and the action is REMANDED to the Commissioner for proceedings consistent with this order.

SO ORDERED. This 9 day of July 2010.

JAMES C. DEVER III
United States District Judge